**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| CLEMENTE GALVEZ | * | |
| 63 Crain Court, Apt. B1 | * | |
| Glen Burnie, MD 21061, | * | |
| | * | |
| SALVADOR LOPEZ | * | |
| 6808 Conley Street | * | Civil Action No. |
| Baltimore, MD 21224, | * | |
| | * | |
| JUAN LOPEZ | * | |
| 317 Lord Byron Lane, Apt. T3 | * | |
| Cockeysville, MD 21030, | * | |
| | * | |
| and | * | |
| | * | |
| CARLOS MELGAR | * | |
| 7175 Eastbrook Ave | * | |
| Baltimore, MD 21224, | * | |
| | * | |
| Plaintiffs, on behalf | * | |
| themselves and others | * | |
| similarly situated | * | |
| | * | |
| v. | * | |
| | * | |
| MO'S FISHERMAN EXCHANGE, INC. | * | |
| d/b/a MO'S TOWSON AND MO'S, | * | |
| 2025 E. Joppa Road | * | |
| Baltimore, MD 21234 | * | |
| | * | |
| **Serve On:** | * | |
| Mohammed Manocheh | * | |
| 2025 E. Joppa Road | * | |
| Baltimore, MD 21234, | * | |
| | * | |
| MO'S PULASKI HIGHWAY CORP., | * | |
| d/b/a MO'S WHITE MARSH, MO'S | * | |
| SEAFOOD RESTAURANT, AND MO'S | * | |
| 9727 Pulaski Highway | * | |
| Middle River, MD, 21220 | * | |

**Serve On:**                                    \*
Susan Wille                                      \*
8379 Albacore Court                              \*
Pasadena, MD 21122,                              \*
                                                 \*
MO'S CRAB AND PASTA FACTORY, INC.,               \*
d/b/a MO'S CRAB & PASTA                          \*
AND MO'S LITTLE ITALY                            \*
502 Albemarle Street                             \*
Baltimore, MD 21202                              \*
                                                 \*
    **Serve On:**             \*
    Ronald P. Fish            \*
    300 East Lombard Street   \*
    Baltimore, MD 21202,      \*
                                                 \*
MO'S FISHERMAN'S RITCHIE                          \*
HIGHWAY, INC.,                                   \*
d/b/a MO'S SEAFOOD FACTORY                        \*
7146 Ritchie Highway                             \*
Glen Burnie, MD 21061                            \*
                                                 \*
    **Serve On:**             \*
    Mohammed Manocheh         \*
    7117 Charles Spring Way   \*
    Baltimore, MD 21204,      \*
                                                 \*
MO'S BELAIR SEAFOOD, INC.,                        \*
d/b/a MO'S FISHERMAN'S WHARF                      \*
AND MO'S INNER HARBOR,                            \*
2403 Belair Road                                 \*
Fallston, MD 21047                               \*
                                                 \*
    **Serve On:**             \*
    Ronald P. Fish            \*
    300 East Lombard Street   \*
    Baltimore, MD 21202,      \*
                                                 \*
MO'S EASTERN AVENUE, INC.,                        \*
d/b/a MO'S SEAFOOD FACTORY                        \*
NEIGHBORHOOD BAR & GRILL AND                      \*
MO'S NEIGHBORHOOD BAR & GRILL                     \*
7600 Eastern Avenue                              \*
Baltimore, MD 21224                              \*
                                                 \*

2

<u>**Serve On:**</u>       *
Mohammed Manocheh    *
7117 Charles Spring Way    *
Baltimore, MD 21204,    *
   *
FISHERMAN'S WHARF INNER    *
HARBOR, INC.    *
d/b/a MO'S FISHERMAN'S WHARF    *
AND MO'S INNER HARBOR,    *
219 President Street    *
Baltimore, MD 21202    *
   *
<u>**Serve on**</u>:       *
Mohammed Manocheh    *
7117 Charles Spring Way    *
Baltimore, MD 21204,    *
   *
and    *
   *
MOHAMMED S. MANOCHEH,    *
a/k/a MOHAMMAD S. MANOCHEH,    *
d/b/a MO'S SEAFOOD RESTAURANT,    *
MO'S FISHERMAN'S WHARF, MO'S,    *
MO'S INNER HARBOR, MO'S TOWSON,    *
MO'S WHITE MARSH, MO'S SEAFOOD    *
FACTORY, MO'S CRAB AND PASTA    *
FACTORY, AND MO'S    *
NEIGHBORHOOD BAR AND GRILL    *
7117 Charles Spring Way    *
Towson, MD 21204,    *
   *
      Defendants.    *
   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>COMPLAINT</u>

### <u>Introduction</u>

1.     Clemente Galvez, Salvador Lopez, Juan Lopez, and Carlos Melgar ("Plaintiffs") are four former employees of Defendants who worked in the kitchen in Defendants' restaurants without full or timely compensation for their work. Plaintiffs bring this civil action for damages stemming from Defendants' willful failure to pay Plaintiffs their wages, including minimum and

overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

2.      Plaintiffs bring this action as a collective action under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b) on behalf of themselves and other similarly-situated current and former employees of Defendants who were subject to Defendants' schemes to violate the FLSA.

3.      On behalf of themselves and the collective they represent, Plaintiffs seek their unpaid wages plus additional damages and attorneys' fees and costs pursuant to the FLSA and Maryland wage laws.

## Jurisdiction

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the United States Constitution.

## Parties

6.      Plaintiff Clemente Galvez is a Maryland resident. He was employed by Defendants Mo's Fisherman's Ritchie Highway, Inc. and Mohammed Manocheh and worked at their Glen Burnie location in 2001, and again from 2007 until 2015.

7.      Plaintiff Salvador Lopez is a Maryland resident. He was employed by Defendants Mo's Crab and Pasta Factory, Inc. and Mohammed Manocheh from September 2009 until the summer of 2015.

8.      Plaintiff Juan Lopez is a Maryland resident. He was employed by Defendants Mo's Crab and Pasta Factory, Inc. and Mohammed Manocheh from 2010 until the restaurant closed on or about April 2017.

9.      Plaintiff Carlos Melgar is a Maryland resident.  He was employed by Defendants Mo's Crab and Pasta Factory, Inc. and Mohammed Manocheh from approximately 1999 until the restaurant closed on or about April 2017.

10.     Other similarly-situated individuals who worked for Defendants were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(g).

11.     As required by the Fair Labor Standards Act, 29 U.S.C. § 216(b), each Plaintiff has given his written consent to become a party to this action.  True and correct copies of Plaintiffs' FLSA consent forms are attached hereto as Exhibit A.

12.     Defendant Mo's Fisherman's Exchange, Inc. (d/b/a Mo's and Mo's Towson) ("Mo's Fisherman's Exchange") is a Maryland corporation with its principal place of business in Baltimore County, Maryland.  At all times relevant to this action, Mo's Fisherman's Exchange has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and has been the employer of workers similarly-situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

13.     Defendant Mo's Pulaski Highway Corp. (d/b/a Mo's White Marsh, Mo's Seafood Restaurant, and Mo's) ("Mo's Pulaski Highway") is a Maryland corporation with its principal place of business in Baltimore County, Maryland.  At all times relevant to this action, Mo's Pulaski Highway has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and has been the employer of workers

similarly situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

14.    Defendant Mo's Crab and Pasta Factory, Inc. (d/b/a Mo's Crab & Pasta and Mo's Little Italy) ("Mo's Crab and Pasta") is a Maryland corporation with its principal place of business in Baltimore, Maryland.  At all times relevant to this action, Mo's Crab and Pasta has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and has been the employer of Salvador Lopez, Juan Lopez, and Carlos Melgar along with several similarly-situated workers, within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

15.    Defendant Mo's Belair Seafood, Inc. (d/b/a Mo's Fisherman's Wharf and Mo's Inner Harbor) ("Mo's Belair") is a Maryland corporation with its principal place of business in Baltimore, Maryland.  At all times relevant to this action, Mo's Belair has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and has been the employer of workers similarly situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

16.    Defendant Mo's Fisherman's Ritchie Highway, Inc. (d/b/a Mo's Seafood Factory) ("Mo's Ritchie Highway") is a Maryland corporation with its principal place of business in Baltimore County, Maryland.  At all times relevant to this action, Mo's Ritchie Highway has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and has been the employer of Plaintiff Clemente Galvez, along

with several similarly-situated workers, within the meaning of the FLSA, 29 U.S.C. § 203(g),
Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id*. at § 3-401(b), and the MWPCL, *id*. at
§ 3-501(b).

17.    Defendant Mo's Eastern Avenue, Inc. (d/b/a Mo's Seafood Factory Neighborhood
Bar & Grill, and Mo's Neighborhood Bar & Grill) ("Mo's Eastern Avenue") is a Maryland
corporation with its principal place of business in Baltimore, Maryland.  At all times relevant to
this action, Mo's Eastern Avenue has been an enterprise engaged in interstate commerce or in the
production of goods for commerce within the meaning of the FLSA, and has been the employer
of workers similarly situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g),
Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id*. at § 3-401(b), and the MWPCL, *id*. at
§ 3-501(b).

18.    Defendant Fisherman's Wharf Inner Harbor, Inc. (d/b/a Mo's Fisherman's Wharf
and Mo's Inner Harbor) ("Fisherman's Wharf") is a Maryland corporation with its principal
place of business in Baltimore, Maryland. At all times relevant to this action Fisherman's Wharf
has been an enterprise engaged in interstate commerce or in the production of goods for
commerce within the meaning of the FLSA, and has been the employer of workers similarly
situated to Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab.
& Empl., § 3-101(c), the MWHL, *id*. at § 3-401(b), and the MWPCL, *id*. at $ 3-501(b).

19.    Defendant Mohammed S. Manocheh operates or, since May 19, 2012, has
operated, restaurants at six locations in Maryland that serve food and drink on the premises:
(1) Mo's Fisherman's Wharf (a/k/a Mo's Inner Harbor; Fisherman's Wharf) – Inner Harbor,
Baltimore City; (2) Mo's Crab and Pasta Factory (a/k/a Mo's Little Italy) – Little Italy,
Baltimore City; (3) Mo's Neighborhood Bar and Grill (a/k/a Mo's Seafood Factory

Neighborhood Bar & Grill) – Eastern Avenue, Baltimore City; (4) Mo's (a/k/a Mo's Towson) –

Towson, Baltimore County; (5) Mo's (a/k/a Mo's White Marsh or Mo's Seafood Restaurant) –

White Marsh, Baltimore County; and (6) Mo's Seafood Factory – Glen Burnie, Baltimore

County.  Mr. Manocheh owns each of the restaurants either personally or through corporations

that he wholly owns, including Defendants Mo's Fisherman's Exchange, Mo's Pulaski Highway,

Mo's Crab & Pasta, Mo's Belair, Mo's Ritchie Highway, Mo's Eastern Avenue, and

Fisherman's Wharf.

20.     On or around March or April of 2016, Mo's Seafood Factory in Glen Burnie,

Maryland closed.

21.     In April 2017, Mo's Crab & Pasta in Baltimore closed.

22.     When all Defendants (collectively, "Mo's") still operated restaurants, they

delivered food orders around the country through a shared online store.  They also shared a

common website: www.mosseafood.com.  As of September 28, 2017, the remaining four Mo's

restaurants shared this same website.

23.     As of March 9, 2017, the five Mo's restaurants still in existence on that date

shared a common Facebook page: https://www.facebook.com/MosSeafood. As of September 28,

2017, the remaining four Mo's restaurants shared this same Facebook page.

24.     On information and belief, Mo's maintained the same wage payment policies and

practices at all of its restaurant locations.  For example, the Glen Burnie restaurant shared a

manager and a bookkeeper with other Mo's locations as assigned by Mr. Manocheh.

25.     On information and belief, Mo's earns at least $500,000 in annual gross income,

volume of sales made, or business done.

26.     Mr. Manocheh is an owner, agent or principal of Mo's.  At all times relevant to this action, Mr. Manocheh has had control over the daily operations of the restaurants and employee pay.  Upon information and belief, he is the founding chef and is the "Mo" after whom the Mo's restaurants are named.  He is present in the restaurants almost daily, and engages in such tasks as delivering and inspecting inventory.  Mr. Manocheh also has the power to instruct employees on how to perform their duties and exercises that power.  Mr. Manocheh was and is engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(g), Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

27.     At all times relevant to this Complaint, Mr. Manocheh has been the president, sole officer, and sole stockholder of Mo's Fisherman Exchange, Inc., Mo's Pulaski Highway Corp., Mo's Crab and Pasta Factory, Inc., Mo's Fisherman's Ritchie Highway, Inc., Mo's Belair Seafood, Inc., Mo's Eastern Avenue Inc., and Fisherman's Wharf Inner Harbor Inc. (together, the "Corporate Defendants").

28.     Mr. Manocheh is also the registered resident agent for four of the seven Corporate Defendants.  The registered resident agent for two of the other Corporate Defendants, Ronald P. Fish, has long been deceased.

29.     None of the Corporate Defendants observe corporate formalities. They do not maintain stock ledgers or corporate record books, issue stock certificates, or have directors, let alone meetings of directors.

30.     Mr. Manocheh exerts complete control and dominion over the finances, policies, and business practices and decisions of the Corporate Defendants to such an extent that none of

the Corporate Defendants has a separate mind, will, or existence of its own.

31.     Mr. Manocheh treats the Corporate Defendants' property, income, and assets as if they were his own, and in turn, uses his personal funds to pay the corporations' expenses without expectation of repayment.

32.     All of the Corporate Defendants are grossly undercapitalized, such that their bank accounts are frequently negative.

33.     Mr. Manocheh uses the corporate form to avoid liability for his violations of Plaintiffs' and similarly-situated individuals' rights under the FLSA, MWHL, MWPCL, and common law to receive minimum, overtime, and other promised wages.

34.     At all times relevant to this Complaint, Defendants have been the joint employers of Plaintiffs and other similarly-situated individuals.

**Factual Allegations**

35.     At all times relevant to this Complaint, Defendants, as employers and/or joint employers, engaged, hired and suffered or permitted Plaintiffs and similarly-situated employees to work washing dishes, preparing and cooking food, cleaning, and performing similar tasks at their restaurants throughout Maryland.  Defendants continue to engage, hire, and suffer or permit similarly-situated employees to perform this same work.

36.     Defendants hired Plaintiffs, determined Plaintiffs' compensation rates and method of pay, assigned Plaintiffs' job duties, set their work schedules, maintained time records, and paid Plaintiffs.

37.     Defendants first hired Mr. Galvez in or about 2009 to work as a dishwasher in their Glen Burnie restaurant.  They rehired him in 2007 as a cook, and in 2011, promoted him to

chef.  Mr. Galvez's duties as a chef included preparing and cooking food, and performing other work assigned by Defendants.

38.    Defendants set Mr. Galvez's wage rate at $15.00 per hour as a chef.

39.    Defendants regularly required Mr. Galvez to work more than 70 hours per week throughout his employment.

40.    Defendants paid Mr. Galvez in cash and by check. Defendants paid him by check for hours up to 40 in a week. For hours over 40, Defendants paid him his regular rate of $15 per hour in cash, and did not pay him his earned overtime premium.

41.    During his time at the restaurant, the Department of Labor investigated the restaurant for failure to pay overtime to the employees. After the investigation, Defendants continued to require Mr. Galvez to work more than 40 hours per week and failed to properly compensate him for his overtime work.

42.    Defendants hired Salvador Lopez in or about September 2009 to work as a food preparer in the Little Italy ("Crab and Pasta") restaurant location.  His duties included preparing ingredients, cleaning the kitchen, and performing other work assigned by Defendants.

43.    Defendants set Salvador Lopez's wage at $9.50 per hour.

44.    Defendants regularly required Salvador Lopez to work more than 70 hours per week throughout his employment.

45.    Defendants paid Salvador Lopez in cash and by check. Defendants paid him by check for hours up to 40. For hours over 40, Defendants paid him his regular rate of $9.50 per hour in cash, and did not pay him his earned overtime premium.

46.    Defendants hired Juan Lopez in or about 2010 to work as a dishwasher in the Crab and Pasta restaurant location.  He was subsequently promoted to food preparer, and

ultimately to cook.

47.    Defendants initially set Juan Lopez's wage at approximately $7.50 per hour, but incrementally increased it over the years, and his final wage was approximately $14.50 per hour.

48.    Defendants regularly required Juan Lopez to work between 59 and 68 hours per week throughout his employment.

49.    Defendants paid Juan Lopez in cash and by check. Defendants paid him by check for hours up to 40. For hours over 40, Defendants paid him his regular rate in cash, and did not pay him his earned overtime premium.

50.    Defendants hired Carlos Melgar in or about 1999 to work as a cook in the Crab and Pasta restaurant location.  He was employed as a cook throughout his employment with Defendants.

51.    Defendants set Carlos Melgar's wage at $9 per hour, at least from 2014 through 2017.

52.    Defendants regularly required Carlos Melgar to work more than forty hours per week.  Throughout his employment, he was usually scheduled to work 6 days per week, and consistently worked about 78 to 84 hours per week.

53.    Defendants paid Carlos Melgar in cash and by check.  Defendants paid him by check for his regular hours up to 40 hours a week, or 80 hours per biweekly pay period. For hours over 40, Defendants paid Carlos Melgar at his regular rate of $9.00 per hour in cash, and did not pay him his earned overtime premium.

54.    Despite regularly requiring Plaintiffs and similarly-situated employees to work in excess of 40 hours a week, Defendants failed or refused to compensate Plaintiffs and the class they represent for those additional hours at the legally-required overtime rate, equal to 1.5 times

their regular hourly rate.  Instead, Defendants' policy was to compensate Plaintiffs only at their regular hourly rate regardless of how many hours they worked in a week.

55.     Plaintiffs Galvez and S. Lopez complained about Defendants' failure to pay all wages due.  For example, in about 2014, Mr. Galvez and several other kitchen workers at the Glen Burnie location protested not receiving their paychecks for prior weeks.  The managers consulted with Mr. Manocheh about the issue and, eventually, gave Mr. Galvez cash intended to compensate him for his regular hours.  However, Defendants never paid him his overtime pay. In addition, when Salvador Lopez complained to his manager and the chef that he had not received an overtime premium, he was told that Mo's does not pay overtime.

56.     Pursuant to the FLSA, 29 C.F.R. § 516, and Md. Code Ann., Lab. & Empl. § 3-424, Defendants are required to maintain a record of each hour, day, and week worked by any employee.

57.     Defendants maintained employment records for each Plaintiff and similarly-situated employee, including through the use of punch cards through which employees reported the times of their arrivals to and departures from work.  The exact number of hours worked by Plaintiffs, and those similarly-situated, will only be known through discovery.

58.     Defendants unlawfully failed and/or refused to compensate Plaintiffs and similarly-situated employees in full and on time for their work as required by the FLSA, 29 U.S.C.A. §§ 206(a) & 207(a)(1), the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-413 & 3-415(a), and the MWPCL, *id*. at §§ 3-502(a) & 3-505(a).

59.     Defendants unlawfully failed and/or refused to pay Plaintiffs and other similarly-situated employees all wages due for work performed prior to the termination of Plaintiffs' employment, as required by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-505(a).

60.    Defendants' unlawful failure and/or refusal to pay all wages due and owing to Plaintiffs and other similarly-situated employees, including earned overtime, was willful, in that Defendants knew or showed careless disregard for whether their actions violated the law.

61.    Defendants' unlawful failure and/or refusal to pay all wages due and owing to Plaintiffs and other similarly-situated employees was not the result of a legitimate dispute over the validity of the claim or the amount owing.

62.    At all times relevant to this action, Defendants unlawfully failed or refused to comply with the posting requirements of MWHL, Md. Code Ann., Lab. & Empl. § 3-423 and the FLSA, 29 C.F.R. § 516.4.

**Plaintiffs' Collective Action Allegations Under the FLSA**

63.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, minimum wages, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

64.    Plaintiffs were victims of Defendants' common scheme to violate the FLSA.

65.    Defendants' scheme included violating the overtime requirements of the FLSA by failing to pay employees 1.5 their regular hourly rate when they worked more than 40 hours per week.

66.    Plaintiffs seek collective action status on behalf of all individuals employed by Defendants at any time during the period beginning three years prior to the date of commencement of this action through the date of judgment in this action who were paid on an hourly basis, and who did not receive overtime compensation due for hours worked in excess of forty (40) per week ("FLSA Class").

67.     Members of the FLSA Class were all similarly subject to Defendants' common practice, policy, or plan requiring or permitting them to perform work for Defendants' benefit in excess of forty (40) hours per week without compensation at time-and-a-half for those overtime hours.

68.     Plaintiffs are representative of the FLSA Class and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

69.     These similarly-situated employees are known only to Defendants, are readily identifiable, and may be located through Defendants' records.  They may be readily notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## COUNT I

### FAIR LABOR STANDARDS ACT
**(Individual and Collective Action for Denial of Overtime Compensation
and Minimum Wages under Federal Law)**

70.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

71.     Defendants' actions violate the FLSA, 29 U.S.C. §§ 206(a)(1) and 207(a)(1).

72.     Defendants' violations of the FLSA were willful, 29 U.S.C. § 255(a).

73.     Defendants are liable to Plaintiffs and all other similarly-situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages including overtime wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT II

**MARYLAND WAGE AND HOUR LAW**
**(Individual = Action for Denial of Wages Under Maryland Law)**

74.      Plaintiffs repeat and incorporate by reference the allegations set forth above.

75.      Defendants unlawfully failed or refused to pay Plaintiffs' wages in violation of

Md. Code Ann., Lab. & Empl. §§ 3-413(b), 3-415(a) and 3-420.

76.      Defendants are liable to Plaintiffs pursuant to §§ 3-427(a) and (d) of the MWHL

for their unpaid overtime wages, an additional equal amount as liquidated damages, plus interest,

reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## COUNT III

**MARYLAND WAGE PAYMENT AND COLLECTION ACT**
**(Individual Action for Failure to Pay All Wages Timely and Regularly)**

77.      Plaintiffs repeat and incorporate by reference the allegations set forth above.

78.      Defendants unlawfully failed or refused to pay Plaintiffs all wages due, including

overtime wages and minimum wages, on their regular paydays in violation of Md. Code Ann.,

Lab. & Empl. § 3-502.

79.      Defendants unlawfully failed or refused to pay Plaintiffs all wages due for work

that they performed before the termination of their employment, in violation of Md. Code Ann.,

Lab. & Empl. § 3-505.

80.      Defendants' unlawful failure or refusal to pay all required wages was not the

result of a bona fide dispute as defined by the MWPCL.

81.      Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2, Plaintiffs seek unpaid

wages, an additional award of double damages, interest, reasonable attorneys' fees and costs, and

any other relief deemed appropriate by the Court.

## COUNT IV

### QUANTUM MERUIT
### (Individual Action)

82.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

83.     At all times relevant to this complaint, Plaintiffs were employees of Defendants.

84.     Defendants had a contractual and equitable obligation to compensate Plaintiffs with legally-required overtime wages, for the overtime hours Plaintiffs worked for Defendants.

85.     Plaintiffs conferred benefits upon Defendants by working overtime hours on Defendants' behalf.

86.     Defendants had an appreciation or knowledge of the benefits being conferred upon them by Plaintiffs.

87.     Despite the foregoing, Defendants retained overtime wages due and owing to Plaintiffs in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

88.     Defendants are liable to Plaintiffs in quantum meruit, together with an award of interest and costs.

## COUNT V

### PIERCING THE CORPORATE VEIL OF THE CORPORATE DEFENDANTS TO HOLD MOHAMMAD MANOCHEH LIABLE

89.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

90.     Mr. Manocheh uses and operates the Corporate Defendants as his alter egos.

91.     Mr. Manocheh uses his complete domination of the finances, policies, and business practices of the Corporate Defendants to violate the rights of the Plaintiffs to receive minimum, overtime, and other promised wages, proximately causing harm to the Plaintiffs.

92.     Because Mr. Manocheh uses the Corporate Defendants to violate the statutory and common law rights of Plaintiffs, and because the Corporate Defendants are mere alter egos of Mr. Manocheh operating without regard to corporate formalities, Mr. Manocheh and the Corporate Defendants must be treated as one and the same for purposes of liability for violations of the Plaintiffs' statutory and common law rights.

93.     Paramount equity dictates that Plaintiffs be permitted to hold Mr. Manocheh individually liable for their unpaid wages, so that they are not left unable to collect any judgments against the Corporate Defendants, which Mr. Manocheh has grossly undercapitalized.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a)     Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b)     Grant judgment against Defendants, jointly and severally, and in favor of each Plaintiff and similarly-situated worker, in the amount of each Plaintiff's and similarly-situated worker's respective unpaid overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

c)     Grant judgment against Defendants, jointly and severally, and in favor of the Plaintiffs, in the amount of each Plaintiff's unpaid overtime wages, plus liquidated damages, pursuant to the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-427(a) and (d);

d)     Grant judgment against Defendants, jointly and severally, and in favor of the Plaintiffs, in the amount of each Plaintiff's unpaid wages, including overtime wages, plus double damages pursuant to the MWPCL, Md. Code Ann., Lab. & Empl. § 3-507.2;

e)    Grant judgment against Defendants, jointly and severally, and in favor of the Plaintiffs, in quantum meruit, and award restitution and/or disgorgement of profits to each Plaintiff;

f)    Pierce the corporate veil of Mo's Fisherman Exchange, Inc., Mo's Pulaski Highway Corp., Mo's Crab and Pasta Factory, Inc., Mo's Fisherman's Ritchie Highway, Inc., Mo's Belair Seafood, Inc., Mo's Eastern Avenue Inc., and Fisherman's Wharf Inner Harbor Inc.

g)    Impose individual liability and enter judgment against Mr. Manocheh in the total amount of the judgments awarded against all of the Corporate Defendants;

h)    Award Plaintiffs pre- and post-judgment interest on all amounts owed as allowed by law;

i)    Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code Ann., Lab. & Empl. § 3-507.2, and Md. Code. Ann., Lab. & Empl. § 3-427(d); and

j)    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Andrew D. Freeman (Fed. Bar No. 03867)
Jessica P. Weber (Fed. Bar No. 17893)
Brooke E. Lierman (Fed. Bar No. 17879)
BROWN, GOLDSTEIN & LEVY LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
adf@browngold.com
jweber@browngold.com
blierman@browngold.com

Sally Dworak-Fisher (Fed. Bar No. 27321)
Monisha Cherayil (Fed. Bar No. 18822)
PUBLIC JUSTICE CENTER
One North Charles Street, Suite 200
Baltimore, Maryland 21201
Tel: (410) 625-9409
Fax: (410) 625-9423
dworak-fishers@publicjustice.org
cherayilm@publicjustice.org

Date: September 29, 2017                    *Attorneys for Plaintiffs*