IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERICK RIVERA et al., *Plaintiffs*, v. MO'S FISHERMAN EXCHANGE, INC et al., *Defendants*. | Civil Action No. ELH-15-1427 |
| ****************************** | |
| CLEMENTE GALVEZ et al., *Plaintiffs*, v. MO'S FISHERMAN EXCHANGE, INC et al., *Defendants*. | Civil Action No. ELH-17-2901 |

**MEMORANDUM**

Erick Rivera, Armando Portillo, Melvin Mendoza, and others (the "*Rivera* plaintiffs") filed a collective action on May 19, 2015, against Mo's Fisherman Exchange, Inc., other Mo's restaurants, and Mohammed S. Manocheh (collectively, "Mo's"), alleging violations of the Fair Labor Standards Act ("FLSA") and other employment statutes. *See* ELH-15-1427 at ECF 1 (*Rivera* Complaint). The *Rivera* Complaint has since been amended twice. *See* ECF 87; ECF 108.

On January 15, 2016, the *Rivera* plaintiffs filed a Motion for Conditional Certification and to Facilitate Notice Under the FLSA. ECF 25. In their motion, the *Rivera* plaintiffs proposed a 90-day opt-in period for other plaintiffs to join the collective action. *See* ECF 25-1 at 19. Defendants opposed the motion, arguing, *inter alia*, that a 60-day opt-in period, rather than a

90-day opt-in period, was appropriate. ECF 28 at 15. In my Memorandum Opinion (ECF 37) and Order (ECF 38) of June 23, 2016, I granted, in part, the motion for conditional certification and approved the 90-day opt-in period.

The *Rivera* plaintiffs and defendants agree that the 90-date opt-in period for the collective action expired in November 2016, although they appear to disagree as to whether it expired on November 2, 2016 (*see* ECF 135 at 1), or on November 5, 2016. *See* ECF 71 at 2. The *Rivera* plaintiffs never moved to extend the opt-in deadline, although at least one plaintiff joined the lawsuit after the deadline had passed (*see* ECF 75), without an objection from the defense. ECF 135 at 1 n.1. Discovery in *Rivera* was completed on August 30, 2017. *See* ECF 104.

On September 29, 2017, Clemente Galvez, Salvador Lopez, Juan Lopez, and Carlos Melgar (the "*Galvez* plaintiffs") filed a separate class action against the same defendants, alleging roughly the same violations of the same statutes as the *Rivera* plaintiffs. ELH-17-2901 at ECF 1 (*Galvez* Complaint). On the same day, the *Galvez* plaintiffs filed a Motion to Consolidate Cases (ECF 2), which was mirrored by a motion filed by the *Rivera* plaintiffs in their case. ECF 131. The two motions to consolidate are supported by memoranda of law. ECF 2-1 (*Galvez* case); ECF 131-1 (*Rivera* case) (collectively, "Motion").[1] Defendants oppose the Motion. ECF 135. Plaintiffs have replied. ECF 137. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. At this juncture, I shall deny the Motion.

Plaintiffs in both cases assert that consolidation is proper under Fed. R. Civ. P. 42(a) because the cases involve common questions of law and fact, the risk of inconsistent adjudications of common issues is high, and the risk of prejudice and possible confusion is low.

---

[1] I shall refer to the Motion as ECF 131, corresponding to the filing in the *Rivera* case.

ECF 131-1 at 2. Further, plaintiffs contend that consolidation "furthers the [FLSA's] remedial purpose." ECF 137 at 9. Plaintiffs do not dispute that the opt-in deadline has passed.

Defendants oppose the Motion on the grounds that it is premature (as defendants had not been served with the *Galvez* pleadings when the Motion was filed) (ECF 135 at 8), and that the Motion is an unfair attempt to circumvent the opt-in deadline set by this Court. *Id.* at 5-8. Defendants do not deny that there are common questions of law and fact in the two cases.

"Federal Rule of Civil Procedure 42(a) permits, but does not mandate, consolidation of cases that involve a common question of law or fact." *CX Reinsurance Co. v. Leader Realty Co.*, JKB-15-3054, 2016 WL 6696050, at *1 (D. Md. Nov. 15, 2016). The district court is vested with "broad discretion to decide whether consolidation under Rule 42(a) would be desirable." 9A C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.* § 2383 (3d ed.) at 26 ("Wright & Miller"); *see also, e.g.*, *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999) (noting the discretion of the district court under Rule 42(a)); *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983).

In making its determination, a district court must "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." Wright & Miller § 2383 at 35-36. Notably, "the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation.[]" *Id.* § 2383 at 39-40. Moreover, a court need not consolidate for trial, but may instead consolidate cases "in their pretrial stage" as "a desirable administrative technique." *Id.* § 2382 at 19; *see also Rishell v. Computer Scis. Corp.*, No. 1:13-CV-931, 2014 WL 11515835, at

*1 (E.D. Va. Apr. 4, 2014) ("[I]ncluded within [a district court's] discretion is consolidation for discovery and pre-trial purposes.").

The Fourth Circuit has declined to find an abuse of discretion when a district court refused to allow opt-in plaintiffs whose consent forms were submitted just "several days" after the court's stated cut-off deadline. *In re Food Lion, Inc.*, 151 F.3d (Table) 1029, at *10 (4th Cir. 1998). The Fourth Circuit noted, *id.*: "The prerogative of the district court to manage its docket with timetables and deadlines, however, prevents even remedial statutes from stretching to the breaking point."

Plaintiffs insist that "the risk of prejudice or confusion is non-existent," because the *Galvez* plaintiffs will submit answers to defendants' interrogatories and will "seek only that written discovery pertaining to their individual claims that was previously requested by the *Rivera* plaintiffs." ECF 131-1 at 2, 2-4. However, discovery in the *Rivera* action has already closed (*see* ECF 104), and a motion for partial summary judgment is currently pending. *See* ECF 140. Adding more plaintiffs to the *Rivera* action, even for limited discovery, would necessitate the revision of the Court's scheduling order. Such a modification requires a showing of good cause. Fed. R. Civ. P. 16(c)(4); *see Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). The *Galvez* plaintiffs have offered no good cause why they could not have timely opted into the *Rivera* action.

Accordingly, I decline to permit the *Galvez* plaintiffs to join the *Rivera* action. The request was made more than ten months after the opt-in deadline and a month after the close of discovery. I recognize, however, that judicial economy may counsel in favor of the

consolidation of the two actions at a later time. Therefore, I shall deny the Motion, without prejudice.

Date: January 23, 2018    /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge